IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:18-cr-00522-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| DESMOND BORIS WASHINGTON, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the reasons stated below, the Court denies Defendant's motion.

## BACKGROUND

On October 30, 2020, a jury found Defendant guilty of being a Felon in Possession of a Firearm. Jury Verdict, ECF 206. On May 26, 2021, the Court sentenced Defendant to 48 months

1 – OPINION & ORDER

imprisonment followed by three years of supervised release. J. & Commitment, ECF 246. Defendant is currently incarcerated at FCI Sheridan. His projected release date is January 24, 2023. Govt. Resp. 2, ECF 260.

On June 3, 2021, Defendant filed a Notice of Appeal from the final judgment, challenging his conviction. His appeal is pending before the Ninth Circuit. Defendant now asks the court to reduce his sentence to time-served under 18 U.S.C. § 3582(c)(1)(A)(i), the compassionate release section of the First Step Act.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, 993 F.3d at 801. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Defendant is a 36-year-old man with latent tuberculosis ("TB") and major depressive disorder. Govt. Resp, Att. A. Defendant asserts that his medical and mental health diagnoses, combined with conditions at FCI Sheridan due to the COVID-19 pandemic, provide extraordinary and compelling reasons to reduce is sentence. Defendant argues that his history of TB places him at higher risk of death from COVID-19 and his mental illness is exacerbated by more restrictive conditions of confinement related to COVID-19 outbreaks at the prison.

The Government asserts, and Defendant concedes, that his pending appeal to the Ninth Circuit divests this Court of jurisdiction to grant Defendant's motion. But Defendant asks the Court to issue an indicative ruling pursuant to Federal Rules of Criminal Procedure 37(a)(3) stating that it would grant his request for compassionate release should the Ninth Circuit remand

for that purpose. The Government opposes Defendant's request, arguing that his circumstances are not extraordinary and compelling.[1]

I.     **Jurisdiction**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) (citations omitted). The Ninth Circuit applies this rule to motions for sentence reduction under Federal Rules of Criminal Procedure 35(a). *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993). The same analysis applies to motions made under 18 U.S.C. § 3582(c). *See United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (finding "there is no basis for distinguishing between these two types of modifications for jurisdictional purposes" and holding the district court lacked jurisdiction to reduce the defendant's sentence because the defendant's appeal was pending when the district court ruled on the defendant's motion under § 3582(c)(2)).

Once Defendant filed his Notice of Appeal to the Ninth Circuit, this Court lost jurisdiction to grant Defendant's motion for compassionate release. Defendant appealed the Court's judgment in his criminal case, which includes both his conviction and his sentence. Defendant now asks this Court to consider a reduction of his sentence under § 3582(c). Because both these actions relate to Defendant's sentence, this Court lacks jurisdiction to decide this motion. *See United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (finding that a

---

[1] Defendant does not indicate whether he petitioned the BOP and was denied prior to filing this motion. Because the Government does not argue that Defendant failed to exhaust administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), the Court does not address this issue.

defendant's appeal of the district court's judgment in a criminal case transferred jurisdiction over the conviction and the sentence to the circuit court).

## II.     Indicative Ruling

When a district court lacks jurisdiction because of a pending appeal, Federal Rule of Criminal Procedure 37 allows the court to: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The advisory committee's notes list "motions under 18 U.S.C. § 3582(c)" as one of three types of motions for which the drafters "anticipate[ ] that Criminal Rule 37 will be used primarily if not exclusively." Fed. R. Crim. P. 37 Advisory Committee's Note (2012).

Defendant urges the Court to issue an indicative ruling pursuant to Rule 37. Per Rule 37, the Court offers the following indicative ruling and denies Defendant's motion.

Generalized concerns about COVID-19 in a federal prison "do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence." *United States v. Carson*, No. CR06-5059RBL, 2020 WL 3896297, at *5. But Defendant expresses more than generalized concern. He claims that the combination of his latent TB, mental health diagnosis, and the conditions at Sheridan FCI constitute an extraordinary and compelling circumstance that justifies reducing his sentence.

The Centers for Disease Control and Prevention ("CDC") currently includes TB as a condition that can cause more severe illness in a person who contracts COVID-19.[2] Persons with latent TB, in contrast to those with active TB, do not have any symptoms and cannot spread the

---

[2] *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Oct. 14, 2021) ("Having tuberculosis can make you more likely to get severely ill from COVID-19").

5 – OPINION & ORDER

disease to others. Approximately 5-10% of persons with latent TB will develop active TB at some point in their lives.[3] Some courts granted compassionate release to prisoners with latent TB during the early period of COVID-19 pandemic. *See, e.g.*, *United States v. Atwi,* 455 F. Supp. 3d 426, 431 (E.D. Mich. 2020); *United States v. Greene*, No. 15-20709, 2020 WL 4581712, at *2-3 (E.D. Mich. Aug. 10, 2020). However, those cases involved defendants who had symptoms of lung disease or who had additional serious underlying conditions. "[M]ost courts since *Atwi* have refused to grant release for latent TB." *United States v. Yoo*, No. CR17-75TSZ, 2020 WL 6781611, at *2 (W.D. Wash, Nov. 18, 2020); *see, e.g.*, *United States v. Heredia*, No. 17-cr-00042-MMC-2, 2020 WL 3971617, at *2 (N.D. Cal. July 14, 2020); *United States v. Cooper*, No. 16-cr-567-3 (JSR), 2021 WL 4710803, at *1 (S.D.N.Y. Oct. 8, 2021). Thus, Defendant's latent TB, which causes no symptoms and does not diminish his ability to provide self-care, provides no basis for granting his requested relief.

Even if Defendant has some increased susceptibility to COVID-19, and even if contracting COVID-19 could cause progression of his latent TB to active TB, Defendant has refused readily available measures to mitigate those risks. In July 2021, Defendant was offered and declined to receive a COVID-19 vaccination. Govt. Resp. 7. Although Defendant has a right to refuse vaccinations, he cannot at the same time claim that his ongoing susceptibility to COVID-19 is an extraordinary and compelling reason for the Court to grant compassionate release.

Furthermore, considering the section 3553(a) factors, the Court finds that a reduction in Defendant's sentence is not appropriate. Defendant has an extensive criminal history. The 48-

---

[3] The Difference Between Latent TB Infection and TB Disease, CDC, https://www.cdc.gov/tb/publications/factsheets/general/ltbiandactivetb.htm (last reviewed October 20, 2014).

6 – OPINION & ORDER

month sentence this Court imposed is well below the guideline range of 92-115 months. PSR, ECF 237. Any further reduction would not reflect the seriousness of the crime, promote respect for the law, or afford adequate deterrence to criminal conduct. *See* 28 U.S.C. § 3553(a)(1)-(2).

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [259] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED:  January 3, 2022  .

_____
MARCO A. HERNÁNDEZ
United States District Judge

7 – OPINION & ORDER